UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE DEMETRIUS TATE, et al.<br><br>Plaintiffs,<br><br>v.<br><br>VALERIE HORN, et al.<br><br>Defendants. | Case No. 2:22-cv-06464-MEMF-PD<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

I. **Pertinent Procedural History and Plaintiff's Claims**

On September 9, 2022, Plaintiffs Clarence Tate, William Marshall, Earle Jones, Kumi Kawamura, and Susana Osoy (collectively "Plaintiffs"), proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983.[1] [Dkt. No. 1.] The Complaint alleges that Defendants Valerie Horn, Kylale, LLC, Hasty Yadegaran, Freddy Anaraki, 2401 MLK, LLC, Daum Commercial Real Estate Services, William Michalak, City of Los Angeles, Doe Supervisor, and Does 1-10 (collectively "Defendants") violated several of Plaintiffs' civil rights guaranteed under the U.S. Constitution and the California Constitution. [*Id*. at 1-2.] It further alleges that Defendants committed various crimes under the Racketeer Influenced and Corrupt Organizations Act

---

[1] Plaintiff Osoy is listed on the cover page and under the parties section of the Complaint; however, the Complaint contains no factual statements describing who Plaintiff Osoy is and what she is alleging.

("RICO"), violations of California Civil Code § 52.1 ("the Bane Act"), and common law tort claims.[2] [*Id.*]

The factual allegations largely center around a property located at 2401 W Martin Luther King Blvd., Los Angeles, CA, 90008 ("the Property") that Plaintiff Tate leased. [*Id.* at 2.] It is unclear from the Complaint whether Defendants Kylale, LLC, or Daum Real Estate Services, or 2401 MLK, LLC is the lessor/owner of the Property.[3] At an unspecified date, Defendant Michalak, his Doe supervisor, and Defendant Anaraki entered the Property without permission of Plaintiffs, but with permission of the owner. [*Id.* at 2.] Plaintiffs allege the above Defendants conducted a warrantless search of the Property, and the search was motivated to cover up the fact that the Property was in dangerous condition. [*Id.*] Plaintiffs allege that the search violated their Fourth Amendment rights under the U.S. Constitution and their rights under the analogous provisions of the California Constitution. [*Id.* at 9.]

The Complaint contains additional allegations regarding Plaintiff Tate's access to court documents in a pending civil case filed in the California Superior Court. [*Id.* at 2-4.] It further alleges that Defendants violated the California Bane Act by using threats of arrest and intimidation to interfere with Plaintiffs' rights to be secure in their property. [*Id.* at 11.] There are no allegations that Defendants threatened to arrest Plaintiffs.[4] Last, Plaintiffs make several claims under RICO §§ 1961, 1962. [*Id.* at 11-13.] As best as the Court can determine, Plaintiffs allege that the above-described alleged actions of the Defendants concerning the Property indicate an overall conspiracy and pattern of racketeering. [*Id.*]

On November 7, 2022, the Court screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and found that it failed to state a cognizable claim against any named defendant, as required by Rule 8 of the Federal Rules of Civil Procedure. [Dkt. No. 10.] The Court dismissed the Complaint with leave to amend and advised Plaintiffs that if they wished to pursue this action, they were to file a first amended complaint that corrected the defects identified by the Court in its order no later than December 9, 2022. [*Id.*]

On December 9, 2022, Plaintiffs filed a request to extend the deadline to file a first

---

[2] The cover page lists that Plaintiffs are bringing common law tort claims. However, there are no tort claims alleged in the Complaint.
[3] It is also unclear if there is more than one property relevant to the allegations made in the Complaint and if any other Plaintiffs are the lessees.
[4] Plaintiffs also allege the Defendants violated Mitchell and Coleman's rights to be free from false arrest. However, neither Mitchell nor Coleman is named as a Plaintiff in the Complaint, nor are there any facts detailing an arrest.

amended complaint by five days. [Dkt. No. 11.] On December 20, 2022, the Court issued an order extending the deadline to file a first amended complaint to January 6, 2023. [Dkt No. 12.]

On January 6, 2023, Plaintiffs filed a request for a second extension of the deadline to file a first amended complaint. [Dkt Nos. 13, 14.] This request contained the declaration of Plaintiff Clarence Tate that he had completed a first amended complaint and expected to have it filed by January 15, 2023. [*Id*.] On January 11, 2023, the Court issued an order granting the request for a second extension of time and set the deadline to file a first amended complaint on January 20, 2023. [Dkt. No. 15.] The Order stated that absent extraordinary circumstances, no further extension of time to file a first amended complaint would be granted. [*Id*.]

On January 24, 2023, Plaintiffs filed a request for a third extension of time, to January 31, 2023, to file a first amended complaint. [Dkt. No. 16.] On January 26, 2023, the Court issued an order granting the third request for extension of time and set the deadline to file the first amended complaint on January 31, 2023. [Dkt. No. 17.] The Order stated that if a first amended complaint was not filed by January 31, 2023, the Court would recommend that this action be dismissed.

To date, Plaintiff has not filed a first amended complaint or otherwise communicated with the Court since January 24, 2023. Accordingly, the case is now subject to dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41-6.

**II.** **Discussion**

Rule 41(b) grants district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is warranted, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal. Plaintiffs did not file a first amended complaint on time even after numerous extension requests were granted. Plaintiffs' failure to file an amended complaint—or show good cause for their delay—prevents the Court

from moving this case toward disposition and shows that Plaintiffs do not intend to litigate this action diligently.

Arguably, the third factor – prejudice to Defendants – also counsels in favor of dismissal because Defendants in this case have been served. [Dkt. Nos. 4, 5, 6, 7, 8, 9.] Further, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978). Plaintiffs' inaction in this matter is an unreasonable delay. In the absence of any explanation, non-frivolous or otherwise, for Plaintiffs' delay, the Court presumes prejudice. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (presumption of prejudice can be rebutted by a non-frivolous explanation); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)).

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal. However, the Court attempted to avoid outright dismissal by giving Plaintiffs ample time to communicate with the Court and file an amended complaint. Plaintiffs were also expressly warned that failure to comply with the Court's orders could result in dismissal. [Dkt. Nos. 12, 15, 17.] Thus, the Court explored the only meaningful alternatives to dismissal in its arsenal and found that they were not effective. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted).

The fifth factor – the general policy favoring resolution on the merits – ordinarily weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. It is, however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Because Plaintiffs have failed to diligently participate in their lawsuit, retention of this case would not increase the likelihood of the matter being resolved on its merits. This factor does not weigh in favor of or against dismissal.

In sum, four out of the five factors support dismissal. The Court concludes that dismissal for failure to prosecute is warranted.

/ / /

/ / /

/ / /

1     For the foregoing reasons, this action is dismissed for failure to prosecute.

2 **IT IS SO ORDERED.**

4 Dated: July 5, 2023

                                            MAAME EWUSI-MENSAH FRIMPONG

                                            United States District Judge